UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN SIOUX GREEN, | CASE NO. 3:26-cv-05011-JHC |
| Plaintiff, | ORDER |
| v. | |
| STATE OF WASHINGTON ET AL., | |
| Defendants. | |

This matter comes before the Court on the "State of Washington's Motion to Dismiss Plaintiff's Motion to Vacate, and Injunctive Declaratory Relief (Dkt. No. 2)." Dkt. # 14. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the motion.

As pertinent here, on January 6, 2026, Plaintiff Carolyn Sioux Green, proceeding pro se, filed a Complaint and "Motion to Vacate, and Injunctive Declaratory Relief" against the State of Washington and the United States of America. Dkt. # 2. The motion requests that the Court: vacate the state court matter discussed; void the commitment proceedings; restore Plaintiff's Second Amendment rights; order a correction and removal of her name from federal and state databases; declare that constitutional violations occurred; issue a permanent injunction; expunge

ORDER - 1

her record; and award any other relief that the Court deems just and proper. *See id.* at 24. Plaintiff says that she is entitled to this relief because: (1) the state court lacked jurisdiction over Plaintiff when it issued a civil commitment order against her in 2001, thereby resulting in a void judgment; (2) the state failed to comply with various jurisdictional and procedural prerequisites during these 2001 commitment proceedings, thereby violating Plaintiff's rights under § 1983 and the due process clause of the U.S. Constitution; and (3) the state engaged in deliberate indifference, abuse, and neglect, and that the Department of Veterans Affairs intentionally concealed her cancer diagnosis, during her commitment, in violation of other constitutional rights. *Id*. at 6–24.

The State of Washington now moves to dismiss Plaintiff's Complaint and Motion. Dkt. # 14.[1] It argues that dismissal is proper because: (1) Plaintiff's claims concerning her commitment proceedings fall outside the statute of limitations; (2) the claims are barred by res judicata; (3) the Court lacks subject-matter jurisdiction to review Plaintiff's case under the *Rooker-Feldman* doctrine; and (4) Plaintiff's vague and conclusory allegations against unnamed defendants otherwise fail to state a claim. *Id*. at 7–11. The Court agrees.

While the State of Washington raises various strong arguments in favor of dismissal, the Court concludes that the *Rooker-Feldman* doctrine is dispositive here. Per well-established federal law, "[f]ederal courts are courts of limited jurisdiction and must have subject matter jurisdiction to preside over claims." *Galanti v. Miller*, 2023 WL 3260073, at *1 (D. Or. May 3, 2023). The *Rooker-Feldman* doctrine, however, "prevents federal district courts from exercising jurisdiction" over certain claims that implicate state-court proceedings. *Black v. Haselton*, 663 F. App'x 573, 575 (9th Cir. 2016). Specifically, it "bars 'state-court losers complaining of

---

[1] The United States of America has already moved to dismiss Plaintiff's Complaint and Motion, with the Court granting dismissal on April 21, 2026. *See* Dkt. ## 44 & 55.

ORDER - 2

injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

As noted by the Ninth Circuit, "[t]he clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision[.]'" *Id.* (citing *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). Accordingly, when a plaintiff claims that the state court exceeded its jurisdiction, and that the federal court should now declare the state court judgment void on this basis, the "claim is squarely barred by *Rooker-Feldman*[,]" and the district court must dismiss it for lack of subject-matter jurisdiction. *See id.* at 614, 616.

Here, Plaintiff's claims are barred by *Rooker-Feldman*. As stated by Plaintiff herself, "the central constitutional federal question" is whether the 2001 involuntary commitment order, i.e., a state court judgment, is "defective and void." Dkt. # 41 at 1. Such a claim is thus "squarely barred" by *Rooker-Feldman*, as it "seeks redress from an injury caused by the state court itself." *Henrichs*, 474 F.3d at 613. Likewise, Plaintiff's supplemental claims against the State of Washington are barred by *Rooker-Feldman*, as such claims "are premised on the invalidity of the state court judgment[.]" *Ezor v. Goetz*, 2016 WL 1714858, at *4 (C.D. Cal. Mar. 21, 2016), *report and recommendation adopted*, 2016 WL 1715182 (C.D. Cal. Apr. 27, 2016), *aff'd*, 698 F. App'x 442 (9th Cir. 2017).[2]

---

[2] The Court also notes that although res judicata does not apply to void judgments, the *Rooker-Feldman* doctrine is a "separate and distinct doctrine from res judicata[,]" and so can still deprive a court of jurisdiction over a claim based on a purportedly void judgment. *See McNeley v. Sheppard, Mullin, Richter & Hampton LLP*, 2019 WL 1371153, at *8 (C.D. Cal. Feb. 28, 2019), *report and recommendation adopted*, 2019 WL 1359735 (C.D. Cal. Mar. 26, 2019), *aff'd and remanded*, 793 F. App'x 597 (9th Cir. 2020) (citations omitted).

ORDER - 3

Additionally, to the extent that Plaintiff is arguing that the *Rooker-Feldman* doctrine should not apply because of the extrinsic fraud exception, such an argument also fails. As explained by another court,

> [T]he *Rooker-Feldman* doctrine does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud. Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud. However, the *Rooker-Feldman* doctrine does bar subject matter jurisdiction to review a claim of extrinsic fraud if . . . the alleged fraud already was litigated in a state action to vacate the purportedly erroneous judgment.

*McNeley*, 2019 WL 1371153, at *8 (internal quotation marks and citations omitted). Like in *McNeley*, then, the extrinsic fraud exception does not apply, as any purported claims of fraud here have already been litigated, and rejected, by other courts. *See* Dkt. # 14 at 8–9 (outlining Plaintiff's other cases that concern the 2001 civil commitment proceedings). The Court thus finds that the *Rooker-Feldman* doctrine continues to apply, thereby depriving the Court of jurisdiction over Plaintiff's claims.

For these reasons, the Court concludes that it lacks subject-matter jurisdiction over Plaintiff's claims. It thus GRANTS the State of Washington's Motion to Dismiss (Dkt. # 14) and DISMISSES Plaintiff's claims against the State of Washington with prejudice and without leave to amend.[3] The Court also DIRECTS the Clerk to strike Plaintiff's filing at Dkt. # 50 as an unauthorized surreply. *See* LCR 7(g).

//

//

---

[3] *See, e.g.*, *McNeley*, 2019 WL 1371153, at *10 (noting that where claims are barred by *Rooker-Feldman*, "[a]mendment would be futile and the dismissal should be with prejudice"); *Thompson v. Santa Cruz Cnty. Hum. Servs. Dep't*, 2013 WL 1750960, at *11 (N.D. Cal. Apr. 23, 2013) (denying leave to amend because the plaintiffs cannot overcome the "obstacle" that their claims are barred under the *Rooker-Feldman* doctrine).

ORDER - 4

Dated this 11th day of May, 2026.

John H. Chun
United States District Judge

ORDER - 5