UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROLYN SIOUX GREEN,

                          Plaintiff,

        v.

STATE OF WASHINGTON ET AL.,

                          Defendants.

CASE NO. 3:26-cv-05011-JHC

ORDER

This matter comes before the Court on pro se Plaintiff's Motion for Reconsideration. Dkt. # 57.

Reconsideration is an "extraordinary remedy" and is generally disfavored. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also* LCR 7(h)(1) ("Motions for reconsideration are disfavored."). District courts thus ordinarily deny motions for reconsideration "unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence." *Munoz v. Locke*, 2013 WL 12177035, at *2 (W.D. Wash. Feb. 8, 2013) (citing LCR 7(h)(1)). "'[M]anifest error' is 'an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Id.* (quoting Black's Law Dictionary (9th ed. 2009)). "Mere disagreement with a previous order

ORDER - 1

is an insufficient basis for reconsideration," *id*, and "reconsideration should not be used to ask the Court to 'rethink what it had already thought through—rightly or wrongly.'" *Innovative Sols. Int'l, Inc. v. Houlihan Trading Co.*, 2025 WL 1135037, at *1 (W.D. Wash. Apr. 17, 2025) (quoting *Wilcox v. Hamilton Constr., LLC*, 426 F. Supp. 3d 788, 791 (W.D. Wash. 2019)).

Here, Plaintiff argues that the Court should reconsider its Order at Dkt. # 55 because "the Court appears to have misunderstood Plaintiff's position regarding exhaustion under the Federal Tort Claims Act (FTCA) for the untimely cancer diagnoses." Dkt. # 57 at 2. She argues that "[w]hat the misdiagnosis of cancer shows is a continued pattern of negligence" or a "systemic pattern[,]" not a new claim. *Id*. This purported misunderstanding, however, has no impact on the basis for dismissal—that Plaintiff has failed to state a claim for relief because she has not proven administrative exhaustion under the FTCA or explained why her claims against the United States are not barred by sovereign immunity. Plaintiff has thus failed to demonstrate any error, let alone show "manifest error in the ruling" or "facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence." *Munoz*, 2013 WL 12177035, at *2. Accordingly, Plaintiff has not provided a proper basis for reconsideration, and so the Court DENIES the motion (Dkt. # 57).

Dated this 11th day of May, 2026.

John H. Chun
United States District Judge

ORDER - 2